# United States Bankruptcy Court
## for the District of Oregon



**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk

405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

October 16, 2009

Mr. P. Scott McCleery
P.O. Box 11230
Eugene, OR 97440-3430

Mr. Ronald R. Sticka
401 East 10th Ave., Suite 470
Eugene, OR 97401

Mr. Patrick L. Stevens
777 High St., Suite 200
Eugene, OR 97401

Re: Michael A. Grassmueck, Inc., Trustee v. David F. Wurst, Trustee and Ronald R. Sticka, Trustee   09-6130-fra

Dear Sirs:

      The Plaintiff in this matter, Michael A. Grassmueck, Inc., is the trustee of the bankruptcy estate of South Star Oil Company (08-61072-fra7), a general partnership registered in Oregon. The Defendants Wurst and Sticka are trustees of the bankruptcy estates of Robert and Paula George (08-63662-fra7) and of Kevin George (08-63666-fra7), respectively, individual partners of South Star Oil Co. (collectively the "George Cases"). The Plaintiff filed this adversary proceeding seeking to quiet title to three properties in which each of the parties claim an interest: service stations in Winston, Bend, and Rogue River, Oregon.

      Plaintiff filed a motion for summary judgment regarding the issue of Bona Fide Purchaser (BFP) status respecting the three properties and the Defendants have filed cross-motions for summary judgment seeking a summary determination of their status as owners of the Bend and Rogue River properties. A hearing was held on October 1, 2009, at the conclusion of which I took the matter under advisement. My ruling follows.

## SUMMARY JUDGMENT

      Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made

applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

DISCUSSION

Partnership Property Under Oregon Law

Whether property belongs to a partnership or to the individual partners is governed by ORS 67.065:

> (1) Property is partnership property if acquired in the name of:
>
> (a) The partnership; or
>
> (b) One or more partners with an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership but without an indication of the name of the partnership.
>
> (2) Property is acquired in the name of the partnership by a transfer to:
>
> (a) The partnership in its name; or
>
> (b) *One or more partners in their capacity as partners in the partnership, if the name of the partnership is indicated in the instrument transferring title to the property*. [Emphasis added].
>
> (3) It is a rebuttable presumption that property is partnership property if purchased with partnership assets., even if not acquired in the name of the partnership or of one or more partners with an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership.

> (4) *It is a rebuttable presumption that property acquired in the name of one or more of the partners, without an indication in the instrument transferring title to the property of the person's capacity as a partner or of the existence of a partnership and without use of partnership assets, is separate property, even if used for partnership purposes.* [Emphasis added].

Bankruptcy Estates' Claims to the Properties

A bankruptcy trustee is given so-called "strong arm" powers under 11 U.S.C. § 544, which include the powers of a BFP:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> * * *
>   (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Code § 541(a)(1). Where the estate has an interest in property, BFP status allows the trustee to succeed to that interest free of unrecorded interests, but subject to notice of facts respecting a prior unrecorded interest in the property that reasonable inquiry would have disclosed, if there exist facts that would lead a reasonable person to inquire into other possible interests in the property (i.e. inquiry notice). See In re Roman Catholic Archbishop of Portland, 335 B.R. 868, 881 (Bankr. D. Or. 2005).

The key is that only legal and equitable interests that belonged to *the debtor* become property of the estate. In order for the trustee to exercise his rights as a BFP, it must first be established that the estate has a legal or equitable interest in the property in question. The trustee cannot use his BFP status to turn non-estate property into estate property.

    1. The Winston Property:

The Winston property is titled to "Robert D. George, Paula George, and Kevin M. George, partners, doing business as South Star Oil Co." Under ORS 67.065(2)(b), the Winston property is partnership property. The Plaintiff's BFP status means that the South Star bankruptcy estate succeeded to the property free of unrecorded interests, subject only to inquiry notice of other interests.

    2. The Bend and Rogue River Properties:

Recorded title to the Bend property is to "Robert D. George, Kevin M. George, Paula

George, and Gina George." Recorded title to the Rogue River property is to: "Robert Dennis George and Kevin M. George, as equal tenants-in-common." There was no evidence presented with Plaintiff's motion for summary judgment that the properties were acquired with partnership assets. Accordingly, for purposes of this proceeding, I must presume that the Bend and Rogue River properties were acquired with non-estate assets. As such, there is a rebuttable presumption under Oregon law that the two properties are separate properties, even if they are used for partnership purposes. ORS 67.065(4).

      a. Plaintiff's Status With Respect to the Properties:

The Plaintiff appears to argue that the two properties became property of the partnership estate because they were listed in the bankruptcy petition and schedules of the partnership. While the filing of the partnership bankruptcy by the Managing Partner Robert George may have been binding on the partnership[1], the listing of individual partnership assets in the bankruptcy schedules would not bring non-partnership assets into the estate by itself; especially, as is the case here, when recorded title to the Bend and Rogue River properties is in the names of other persons in addition to that of Robert George. In order for Plaintiff to exercise his powers as a BFP, it must first be established that the Bend and Rogue River properties are in fact property of the estate.

Because the Bend and Rogue River properties are, by the nature of their title, presumed to be separate, non-partnership property, I cannot find on the record before me that they are partnership property.

      b. Defendants' Status With Respect to the Properties:

Because the two properties were titled in the names of individuals and are presumed to be separate, non-partnership property, the bankruptcy estates administered by the Defendants each include that estate's share of the properties. The Defendants may exercise their power as a BFP to avoid any unrecorded interests in the properties, but are on notice of every fact respecting a prior unrecorded interest in the properties that reasonable inquiry would have disclosed, if there exist facts that would lead a reasonable person to inquire into other possible interests in the property.

"Under Oregon law, possession of real property by a third party other than the grantor puts a 'purchaser upon inquiry as to the possessor's interest.' " In re Roman Catholic Archbishop of Portland, 335 B.R. at 885 (citing Webb v. Stewart, 255 Or. 523,536, 469 P.2d 609 (1970)). "This is because the possession by someone other than the grantor 'is a fact inconsistent with the record title[.] ' " Id. (internal citation omitted). In this case, the two properties were both in Plaintiff's possession and, at least one, was being operated by him. While use for partnership purposes does not necessarily rebut the presumption that property is separate property, ORS 67.065(4), I hold that under the circumstances existing at the commencement of the George Cases, a hypothetical BFP of the Bend and Rogue River properties would be on

---

[1] The authority of the Managing Partner to file a bankruptcy for the partnership is not before the court and is only assumed for purposes of this discussion.

Messrs. McCleery, Sticka, and Stevens
October 16, 2009
Page - 5

notice of the possession and/or operation of the properties by Plaintiff and would have a duty to inquire as to Plaintiff's interest. That inquiry would lead to the South Star bankruptcy petition and schedules, which list the Bend and Rogue River properties as property of the estate. Accordingly, Defendants, as hypothetical BFPs at the commencement of the George Cases, had inquiry notice of the interest asserted by the South Star bankruptcy estate in the Bend and Rogue River properties.[2]

CONCLUSION

The Winston property is property of the South Star bankruptcy estate. Plaintiff, as Trustee of that estate, has the strong-arm powers provided by Code § 544, including that of a bona fide purchaser to avoid unrecorded interests in the property.

Because there is a rebuttable presumption that the Bend and Rogue River properties are separate, non-partnership properties, the Defendants, as trustees of the George Cases, take their interests in those properties with the power of bona fide purchasers to avoid unrecorded interests in those properties. However, the Defendants also take those interests with inquiry notice of the interest asserted in those properties by Plaintiff.

An order will be entered by the Court which conforms to this Letter Opinion.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge

---

[2] Defendants point out that the warranty deeds for the Bend and Rogue River properties were recorded prior to formation of the South Star partnership on September 23, 1999. Plaintiff produced evidence that the partnership, or its assumed business name, was in fact registered with the Oregon Secretary of State in 1994, prior to the dates the warranty deeds were recorded. Under Oregon law, a partnership is formed by the association of two or more persons to carry on as co-owners of a business for profit, and does not depend on a written partnership agreement. ORS 67.055. Accordingly, the fact that the partnership agreement was not executed until 1999 does not necessarily foreclose the possibility that a partnership had in fact been created earlier.